IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD G. JOHNSON, | : |
| Plaintiff, | : |
| v. | : Civ. No. 13-861-LPS |
| WARDEN PHILIP MORGAN, et al., | : |
| Defendants. | : |

## MEMORANDUM ORDER

At Wilmington this 24th day of June, 2013;

IT IS HEREBY ORDERED that:

1. Plaintiff Ronald G. Johnson ("Plaintiff") filed a petition for a writ of mandamus (D.I. 1) for this Court to order Defendants to provide him with a blanket, sweater, and sweat pants. He recently filed a second writ of mandamus against the undersigned for this Court to immediately serve all parties his writs and complaints and for the undersigned to "resign from all his lawsuit cases, complaints and writs" (D.I. 3). Plaintiff, an inmate, is housed at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware. He appears *pro se* and filed this instant action without paying the filing fee or seeking leave to proceed *in forma pauperis*.

2. The Third Circuit has ruled that, generally, mandamus petitions are not civil actions subject to the requirements of the Prison Litigation Reform Act ("PLRA"). *See Madden v. Myers*, 102 F.3d 74, 77 (3d Cir. 1996). An exception to this rule exists where a "prisoner litigant attempts to evade the requirements of the PLRA by masking as a mandamus petition a

1

paper that is otherwise subject to the PLRA." *Id.* at 78; *see also In re: Jonathan Steele*, 251 F. App'x 772, 773 (3d Cir. Oct. 19, 2007). Because the present case is not a bona fide mandamus action, the Court will treat it as what it really is, which is a civil rights action seeking to raise a condition of confinement claim.

3. The PLRA provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he has, three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule." *See Keener v. Pennsylvania Bd. of Probation & Parole*, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule" when the prisoner is in imminent danger of serious physical injury. A prisoner who is not proceeding *in forma pauperis* may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. § 1915(g).

4. Plaintiff, while incarcerated, has filed more than three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Johnson v. U.S. Probation Office*, 196 F. App'x 63 (3d Cir. Sept. 13, 2006); *Johnson v. Morgan*, Civ. No. 10-1012-LPS (D. Del. May 26, 2011); *Johnson v. One Unknown Female Officer*, Civ. No. 10-718-LPS (D. Del. Mar. 29, 2011); *Johnson v. Bureau of Prisons*, Civ. No. 10-934-LPS (D. Del. Mar. 28, 2011); and *Johnson v. City of Wilmington Police Dep't*, Civ. No. 93-128-LON (Mar. 9, 1993). Therefore, Plaintiff may not file another civil action *in forma pauperis* while incarcerated unless he is in "imminent danger of serious physical injury" at the time of the filing

of his complaint. 28 U.S.C. § 1915(g); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir. 2001). After reviewing his complaint, the Court concludes that it does not meet this standard. Based upon the foregoing, Plaintiff is not excused from the restrictions under § 1915(g), and he may not proceed *in forma pauperis*.

5. In addition, the Court will deny Plaintiff's recently filed Writ of Mandamus (D.I. 3). Therein, he seeks service of this complaint and recusal of the undersigned. Under the All Writs Act, a federal court has jurisdiction to issue a writ of mandamus "in aid of" its jurisdiction. 28 U.S.C. § 1651(a). To be eligible for mandamus relief, a petitioner must satisfy three conditions. *See generally* 28 U.S.C. § 1361. First, the party seeking issuance of a writ must demonstrate that he has "no other adequate means to attain the relief he desires." *Cheney v. United States Dist. Court*, 542 U.S. 367, 380 (2004). Next, he must show that "his right to the issuance of the writ is clear and indisputable." *Id.* at 381. Finally, "the issuing court . . . must be satisfied that the writ is appropriate under the circumstances." *Id.*

6. Plaintiff has not shown any grounds for mandamus relief. This case is in its very early stages and Plaintiff has not yet paid the filing fee. Once he does, the complaint will be screened. Given the history of this case, Plaintiff has not shown undue delay in the proceedings.

7. Nor has Plaintiff provided grounds for recusal of the undersigned. A party may seek recusal of a judge pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455. Plaintiff does not indicate under which statute he proceeds. Plaintiff did not comply with the requisites of § 144, as Plaintiff did not file "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." Pursuant to 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which

his impartiality might reasonably be questioned." The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004), not "whether a judge actually harbors bias against a party," *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b) (1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

8. Under either § 144 or § 455, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *see also Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (stating beliefs or opinions which merit recusal must involve an extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Similarly, claims of bias or partiality cannot be based on "expressions of impatience, dissatisfaction, annoyance, [or] even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." *Id.* at 555-56.

9. It is evident in reading Plaintiff's petition for a writ of mandamus that he take exception to this Court's rulings and this serves as his basis to seek recusal. A reasonable, well-informed informer observer could not believe that the Court's rulings were based on impartiality, bias, or actual prejudice by the undersigned. Nor do the rulings of the undersigned demonstrate that he acted in any such manner when ruling in cases wherein Plaintiff is a party. After careful and deliberate consideration, the undersigned concludes that he has no actual bias or prejudice towards Plaintiff and that a reasonable, well-informed observer would not question his

impartiality. In light of the foregoing standard and after considering Plaintiff's assertions, the undersigned concludes that there are no grounds for recusal under 28 U.S.C. § 144 or § 455. Therefore, the Court will deny the petition for a writ of mandamus (D.I. 3).

THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff is DENIED Leave to Proceed In Forma Pauperis.

2. Plaintiff is given thirty (30) days from the date of this Order to pay the $400.00 filing fee. If Plaintiff does not pay the filing fee within that time, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(g).

3. Plaintiff's Writ of Mandamus (D.I. 3) is DENIED.

_____
UNITED STATES DISTRICT JUDGE